IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 0 5 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-00356-WYD
(Criminal Action No. 99-CR-185-D)

UNITED STATES OF AMERICA,

v.

OLVIN ALFARO-BONILLA,
Movant.

---

ORDER DENYING 28 U.S.C. § 2255 MOTION

---

Movant Olvin Alfaro-Bonilla has filed *pro se* a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In an order filed on March 2, 2005, I directed the government to file an answer to the motion to vacate. On March 28, 2005, Mr. Alfaro-Bonilla filed a motion to amend the motion to vacate. The motion to amend will be granted. On March 31, 2005, the government filed a response to the motion to vacate. On April 13, 2005, the government filed a corrected response.

I must construe the motion to vacate, as amended, liberally because Mr. Alfaro-Bonilla is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion to vacate, as amended, will be denied.

Mr. Alfaro-Bonilla pled guilty to illegal reentry after deportation and he was sentenced to 92 months in prison. The judgment of conviction was affirmed on direct appeal. *See United States v. Alfaro-Bonilla*, No. 00-1195, 2001 WL 285622 (10th Cir.

Mar. 23, 2001). In the instant motion to vacate filed on February 25, 2005, Mr. Alfaro-Bonilla challenges his sentence pursuant to the United States Supreme Court's decisions in ***Apprendi v. New Jersey***, 530 U.S. 466 (2000); ***Blakely v. Washington***, 124 S. Ct. 2531 (2004), and ***United States v. Booker***, 125 S. Ct. 738 (2005).

The government asserts without discussion that the motion to vacate is timely except as it relates to ***Apprendi***. I disagree. Pursuant to 28 U.S.C. § 2255, a one-year limitation period applies to motions to vacate, set aside, or correct a federal sentence.

The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

I first must determine the date on which the one-year limitation period began to run. Mr. Alfaro-Bonilla's conviction became final when the time for filing a petition for writ of certiorari in the United States Supreme Court on direct appeal expired even

2

though he did not seek such review. *See **United States v. Burch***, 202 F.3d 1274 (10th Cir. 2000). Pursuant to Rule 13 of the Rules of the Supreme Court of the United States, Mr. Alfaro-Bonilla had ninety days after his conviction was affirmed on direct appeal on March 23, 2001, to file a petition for writ of certiorari. Therefore, Mr. Alfaro-Bonilla's conviction became final ninety days later on June 21, 2001. Mr. Alfaro-Bonilla does not allege that he was prevented by unconstitutional governmental action from filing the instant motion sooner and the facts supporting his claims could have been discovered at the time of his trial and sentencing.

Mr. Alfaro-Bonilla also is not asserting a claim based on a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. ***Apprendi*** was decided before Mr. Alfaro-Bonilla's conviction was final. The United States Court of Appeals for the Tenth Circuit has held that neither ***Blakely*** nor ***Booker*** applies retroactively in collateral proceedings pursuant to 28 U.S.C. § 2255 to challenge convictions that were final when those cases were decided. *See **United States v. Price***, 400 F.3d 844, 849 (10th Cir. 2005) (addressing retroactivity of ***Blakely***); ***United States v. Bellamy***, 411 F.3d 1182, 1188 (10th Cir. June 16, 2005) (addressing retroactivity of ***Booker***).

Therefore, I find that the one-year limitation period for Mr. Alfaro-Bonilla began to run on June 21, 2001, when his conviction became final. As noted above, the instant motion to vacate was filed in this Court on February 25, 2005. Because the motion to vacate was not filed on or before June 21, 2002, the motion to vacate is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2255 is not jurisdictional and is subject to equitable tolling in appropriate extraordinary circumstances. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (holding that equitable tolling applies to one-year limitation period in 28 U.S.C. § 2244(d)). However, Mr. Alfaro-Bonilla makes no argument to justify his failure to file the instant motion in a timely manner. Therefore, I also find that equitable tolling is not appropriate in this action.

Finally, even if it were not time-barred, the motion to vacate still must be denied. In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. The Supreme Court held in *Blakely* "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose **solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.**" *Blakely*, 124 S. Ct. at 2537. More specifically, the Supreme Court in *Blakely* invalidated a sentence imposed pursuant to the State of Washington's determinate sentencing scheme, which is similar to the Federal Sentencing Guidelines, because a judge increased the sentence based on factual findings made by the judge rather than a jury. *See id.* In *Booker*, the Supreme Court reaffirmed its holding in *Apprendi* and held that the rule in *Blakely* applies to the Federal Sentencing Guidelines. *Booker*, 125 S. Ct. at 755-56.

Mr. Alfaro-Bonilla argues that his offense level under the Sentencing Guidelines improperly was increased by sixteen levels because he had a prior conviction for an

aggravated felony. However, Mr. Alfaro-Bonilla admitted the fact that he had a prior conviction for an aggravated felony. The plea agreement that Mr. Alfaro-Bonilla signed specifically references the fact that he has a prior conviction for an aggravated felony and that his offense level under the Sentencing Guidelines would be enhanced by sixteen levels as a result. Mr. Alfaro-Bonilla also conceded in open court that he had a prior conviction for an aggravated felony that would cause his offense level under the Sentencing Guidelines to be increased by sixteen levels. (Rep.'s Tr., Change of Plea Hrg., Oct. 18, 1999, at 11.) Therefore, because it is clear that the calculation of Mr. Alfaro-Bonilla's sentence under the Sentencing Guidelines was based solely on facts admitted by Mr. Alfaro-Bonilla, there was no error under ***Apprendi***, ***Blakely***, or ***Booker***. Accordingly, it is

ORDERED that the "Motion to Amend Pleadings to Vacate, Set Aside, or Correct Sentence Under 28 USC § 2255 Petition" filed on March 28, 2005, is granted. It is

FURTHER ORDERED that the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed on February 25, 2005, is denied and this civil action is dismissed.

DATED at Denver, Colorado, this 5th day of August, 2005.

BY THE COURT:

WILEY Y. DANIEL
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-D-356

CERTIFICATE OF MAILING

I hereby certify that a copy of the above Order was mailed to the following on August 5, 2005:

Jerry N. Jones
Assistant U.S. Attorney

Olvin Alfaro-Bonilla
FCI Estill
P.O. Box 699
Estill, SC  29918

Secretary/Deputy Clerk